UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
|    STACI T. PINKETT | ) | Case No. 08-13568-SSM |
| | ) | Chapter 7 |
|                     Debtor | ) | |
| | ) | |
| APEX COMMUNICATIONS CORP. | ) | |
| | ) | |
|                     Plaintiff | ) | |
| | ) | |
| vs. | ) | Adversary Proceeding No. 08-1426 |
| | ) | |
| STACI T. PINKETT | ) | |
| | ) | |
|                     Defendant | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the motion of the plaintiff, Apex Communications Corporation ("Apex"), to dismiss the counterclaim filed by the defendant-debtor, Staci T. Pinkett, for lack of subject-matter jurisdiction. A hearing was held on December 2, 2008, at which the court heard argument from the parties and took the motion under advisement. For the reasons stated, the court concludes that it has jurisdiction over only a portion of the counterclaim. The court also concludes that as to the portion over which it has jurisdiction, the litigation should be stayed in favor of a pending employment discrimination action the debtor has brought against Apex in the United States District Court.

1

Background

Staci T. Pinkett filed a voluntary petition in this court on June 21, 2008, for relief under chapter 7 of the Bankruptcy Code and received a discharge of her dischargeable debts on October 6, 2008. Among the assets listed on her schedules was "EEOC and Retaliation Complaint against Apex Communications Corporation - 1 right to sue issued / 1 pending" which she valued at zero dollars and claimed exempt under Md. Code Ann., Cts. & Jud.Proc. § 11-504(b)(5) in the amount of $1.00. Apex was also scheduled as the holder of a disputed, unliquidated claim *against* the debtor (in the amount of $1.00) described as "Complaint - Civil Case No. CL08001183, Circuit Court City of Alexandria."

The state court litigation was stayed by the filing of the bankruptcy petition. The debtor, for her part, filed suit against Apex on July 29, 2008, in the United States District Court for the Eastern District of Virginia, alleging claims for gender-based pay discrimination under Title VII of the Civil Rights Act of 1964 and the Equal Pay Act, and retaliatory discharge under the Civil Rights Act. *Pinkett v. Apex Comm. Corp.*, No. 1:08-cv-790-JCC-TCB. The retaliatory discharge cause of action is premised on the theory that the debtor was discharged from her employment with Apex for having protested gender-based pay discrimination at the company and for having filed a charge with the Equal Employment Opportunity Commission ("EEOC").

The present action was commenced by Apex on September 18, 2008, and seeks a ruling that Apex's claims against the debtor in the total amount of $1,290,490.66 are excepted from discharge, on the ground of fraud and willful and malicious injury to property under §§ 523(a)(2) and (6), Bankruptcy Code. Specifically, the complaint alleges that the debtor and a co-worker, Troy H. Lumpkin, lied as to their reasons for taking paid time off from Apex while actually

organizing two business that were intended to compete with Apex; used Apex's confidential information to solicit Apex's customers; and intentionally sabotaged a contract submission to a government agency.

On October 22, 2008, the debtor—represented by the same attorney who is representing her in the United States District Court—filed an answer and counterclaim. A corrected answer and counterclaim was filed four days later. In the counterclaim, she asserts that the claims made against her in the stayed state court litigation and the present adversary proceeding constitute unlawful retaliation for her having filed a claim of discrimination for unequal pay and gender discrimination with the EEOC. In response, Apex filed the motion to dismiss that is presently before the court.

<u>Discussion</u>

A.

Apex's motion to dismiss the counterclaim asserts that this court lacks jurisdiction because the counterclaim is not a "core" proceeding. As will be discussed, whether it is core or non-core—although it has certain practical ramifications—is not really the issue. The dispositive question rather, is whether it is even "related to" the debtor's bankruptcy case.

Bankruptcy courts, like other federal courts, are courts of limited jurisdiction, and as such,"must be alert to overstepping their limited grants of jurisdiction." *Poplar Run Five L.P. v. Virginia Electric & Power Co. (In re Poplar Run Five L.P.)*, 192 B.R. 848, 854-55 (Bankr. E.D. Va. 1995). The jurisdiction of this court is defined by 28 U.S.C. §§ 1334 and 157(a) and the general order of reference from the United States District Court for the Eastern District of Virginia dated August 15, 1984. Under the statute and order of reference, this court has

3

jurisdiction of all bankruptcy "cases," and all "civil proceedings" that "arise under" the Bankruptcy Code or that "arise in" or are "related to" a bankruptcy case.

A civil proceeding "arises under" the Bankruptcy Code if "federal [bankruptcy] law creates the cause of action or . . . the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal [bankruptcy] law." *Poplar Run Five,* 192 B.R. at 854-55. Proceedings "arising in" a bankruptcy case are those that "are not based on any right expressly created by [the Bankruptcy Code], but nevertheless would have no existence outside of the bankruptcy." *Bergstrom v. Dalkon Shield Claimants Trust (In re A. H. Robins Co., Inc.)*, 86 F.3d 364, 372 (4th Cir. 1996), *cert. denied*, 117 S.Ct. 483, 136 L.Ed.2d 377 (1996); *see Grausz v. Englander*, 321 F.3d 467 (4th Cir. 2003) (debtor's malpractice claim against his bankruptcy attorney for acts committed during the case "arises in" the bankruptcy case). Finally, the "related to" category of proceedings is "quite broad and includes proceedings in which the outcome could have an effect on the estate being administered." *Id., citing Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984) ("An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedoms of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate."). Nevertheless, the "related to" category is not so broad as to encompass litigation of federal or state law claims that will not have an effect on the bankruptcy estate, simply because one of the litigants filed a petition in bankruptcy. *New Horizon of N.Y., LLC v. Jacobs*, 231 F.3d 143 (4th Cir. 2000) (district court lacked even "related to" jurisdiction over state law claims by entity formed to purchase debtor's assets in accordance with a confirmed plan against parties who allegedly interfered with the sale); *Valley Historic Ltd. P'ship v. Bank of New York*, 486 F.3d 831 (4th Cir.

2007) (bankruptcy court did not have post-confirmation jurisdiction to adjudicate debtor's claims against lender holding a deed of trust against its property for improperly increasing the monthly payments prepetition and for tortiously interfering with the debtor's contractual relationship with its tenant).

Civil proceedings that "arise under" the Bankruptcy Code or "arise in" the bankruptcy case are "core" proceedings in which a bankruptcy judge may not only conduct the trial but may enter a final judgment or order, subject to an aggrieved party's right to appeal to the United States District Court. 28 U.S.C. § 157(b)(1). Civil proceedings that do not qualify as "arising under" or "arising in" but are nevertheless "related to" the bankruptcy case are non-core proceedings. *In re McLean Square Assocs., G.P.*, 200 B.R. 128, 133 (E.D. Va. 1996). One of the most common example of a non-core related proceeding is an action by a trustee or debtor in possession to collect the debtor's prepetition accounts receivable from a non-creditor customer. *Humbolt Express, Inc. v. The Wise Co., Inc. (In re Apex Express Corp.)*, 190 F.3d 624 (4th Cir. 1999). A bankruptcy judge has jurisdiction to conduct the trial in a non-core proceeding, but any final judgment or order must be entered by a United States District Judge after review of the bankruptcy judge's proposed findings of fact and conclusions of law unless the parties consent to the bankruptcy judge entering the final judgment or order. 28 U.S.C. § 157(c). Thus, while the extent of the bankruptcy court's power may be limited, it is incorrect to say that a bankruptcy court lacks "jurisdiction" over a particular controversy simply because it is non-core, so long as it is "related to" the bankruptcy case.

5

B.

Because the debtor's counterclaim does not invoke any rights created by the Bankruptcy Code, it does not "arise under" the Code. Whether it "arises in" the debtor's bankruptcy case is more problematical. To the extent it is premised on Apex's filing of the state court complaint, that act clearly predates the bankruptcy filing and thus does not, even in a purely temporal sense, arise in the context of a bankruptcy case. However, to the extent it is premised on the filing of the dischargeability complaint, it could fairly be said to "arise in" the bankruptcy case. While a cause of action does not "arise in" a bankruptcy case simply because the events giving rise to it occur while the bankruptcy case is pending, here the challenged event—the filing of the dischargeability complaint—is just as integral a part of the bankruptcy case as was the attorney's legal representation of the debtor was in *Grausz*.

That leaves for consideration whether a claim against Apex premised on the filing of the state court complaint is "related to" the bankruptcy case. The court concludes that it is not. It is true that *mandatory* counterclaims will nearly always qualify as related proceedings. But here, the debtor's retaliation claim, while it arises in the same factual context as the dischargeability action, is at best a permissive counterclaim. The retaliation claim, moreover, is not being pursued for the benefit of the bankruptcy estate, and the debtor does not contend that success on the merits would affect distribution to creditors.[1]

---

[1] The court does note, however, that the trustee has not formally abandoned the debtor's employment discrimination claims and has not yet filed a final report. Although the debtor claimed the discrimination claims as exempt, she did so only in the amount of $1.00. It is well-settled in this district that a nominal claim of exemption protects only the amount stated, and not the entire value of the asset. *In re Grablowsky*, 149 B.R. 402 (Bankr.E.D.Va. 1993), *aff'd sub. nom. Addison v. Reavis*, 158 B.R. 53 (E.D.Va. 1993). Although a debtor is generally entitled to
(continued...)

## C.

Although a portion of the counterclaim may qualify as "arising in" the bankruptcy case, a separate factor counsels against allowing it to proceed independently at this time. The debtor, as discussed, has already brought a civil action against Apex in the United States District Court for this district. That action includes a count for retaliation. Although the retaliatory activity alleged in the district court action is discharge from employment, while the retaliatory activity alleged in the counterclaim is the filing of a lawsuit against the debtor, both actions are alleged to have been taken in response to the same protected activity by the debtor, namely her filing of an EEOC complaint. The potential for conflicting rulings and waste of judicial resources if the retaliation claims were litigated on separate but parallel tracks is obvious. In this connection, counsel for Apex assured the court at oral argument that it would not object to the debtor amending her complaint before the District Court to assert, as an additional act of retaliation, the filing of the state court lawsuit and the dischargeability action. This would avoid the splitting of retaliation claims arising from the same protected conduct, and is clearly the preferable way to proceed. For that reason, the court will stay the litigation in this court of that portion of the counterclaim that seeks redress for the filing of the dischargeability complaint.

---

[1](...continued)
amend a claim of exemption to increase the amount claimed up to the statutory maximum, *In re Sherman*, 191 B.R. 654 (Bankr. E.D. Va. 1995), the Maryland exemption asserted by the debtor is limited to $6,000. Thus, if the debtor were to prevail on her retaliatory discharge claim, any funds in excess of those that the debtor could lawfully exempt would potentially go to the trustee, unless in the interim the case had been closed or the discrimination claim abandoned.

# O R D E R

For the foregoing reasons, it is

**ORDERED:**

1. The motion to dismiss the counterclaim for lack of subject-matter jurisdiction is granted in part and denied in part. The counterclaim, to the extent premised on the filing of the state court lawsuit against the debtor, is dismissed without prejudice; and to the extent it is premised on the filing of the dischargeability complaint, it is stayed pending resolution of the debtor's action against Apex in the United States District Court for the Eastern District of Virginia.

2. The clerk will mail a copy of this order, or give electronic notice of its entry, to the parties listed below.

Date: _____    _____
                                                                       Stephen S. Mitchell
Alexandria, Virginia                         United States Bankruptcy Judge

Copies to:

Ronald W. Stern, Esquire
801 North Fairfax St., Ste. 106
Alexandria, VA 22314-1757
Counsel for the plaintiff and counter-defendant

Nils G. Peterson, Esquire
2009 N. 14th St., Suite 708
Arlington, VA 22201
Counsel for the defendant and counter-plaintiff

Robert O. Tyler, Esquire
Tyler, Bartl, Ramsdell & Counts, P.L.C.
700 S. Washington Street, Suite 216
Alexandria, VA  22314
Chapter 7 trustee